

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*300 Quarropas Street*
*White Plains, New York 10601*

July 18, 2022

**BY ECF**
Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *Virgil* v. *Finn,* et al., 22 Civ. 3169 (CS)

Dear Judge Seibel:

      The Government respectfully requests a pre-motion conference to address the Government's requests: (1) to intervene in the above-referenced matter (the "Civil Action") for the limited purpose of seeking a stay of the Civil Action until sentencing for defendant Aaron Finn ("Finn") in a related criminal case, *United States v. Aaron Finn*, 21 Cr. 650 (NSR) (the "Criminal Case"), and (2) its corresponding request for such a stay.[1] Sentencing is scheduled for October 20, 2022. The Government has conferred with Plaintiff's counsel and the New York Attorney General's Office ("OAG") and learned that the OAG has received requests for representation pursuant to Public Officers Law Section 17 ("POL § 17") from State defendant employees Finn, Alexander Costantini, and Philip Langdon, but does not yet represent any State defendant employee in the Civil Action. The OAG advised the Government: "The OAG provides consent to the USAO's stay on behalf of Finn, Costantini, and Langdon because doing so is consistent with the OAG's obligations under POL § 17(2)(c) to take necessary steps on behalf of the employees pending resolution of any question pertaining to the obligation to provide for a defense." Plaintiff, however, through counsel, opposes the Government's request.

      ***Background.*** In November 2021, a superseding indictment was unsealed, charging that, on or about March 19, 2020, defendant Finn, while a correction officer at the Green Haven Correctional Facility, deprived an inmate in the custody of the State of New York of the right to be free from excessive force amounting to cruel and unusual punishment by striking and thrashing that inmate, who was restrained in handcuffs at the time. *See* 21 Cr. 650 (NSR), Dkt. No. 4.

      On or about April 18, 2022, plaintiff Melvin L. Virgil ("Plaintiff") filed this civil lawsuit against Finn, Alexander J. Costantini, "P. Langdon," and eight John Does. *See* Dkt. No. 1. Among other allegations, the complaint asserts that, on March 19, 2020, Finn assaulted Plaintiff while he was an inmate housed at the Green Haven Correctional Facility. *See id.*

---

[1] The Government reserves the right, as appropriate, to seek a further stay if the criminal case is not completely resolved by, or soon after, sentencing.

On July 12, 2022, Finn pleaded guilty to the one-count superseding indictment in the Criminal Case before the Honorable Judith C. McCarthy. *See* Minute Entry, 61 Cr. 650 (NSR) (July 12, 2022). Sentencing is scheduled for October 20, 2022. *See id.*

***The Court Should Stay the Civil Action Until Finn is Sentenced.*** The Government respectfully submits that a stay of the Civil Action for the limited duration of the remainder of the Criminal Case will serve the public interest, conserve private, public, and judicial resources, and will only minimally prejudice the parties in the Civil Action, if at all.

This Court has the inherent power to stay civil cases in the interests of justice pending the completion of a criminal investigation and any subsequent proceedings. *See Landis* v. *North Am. Co.*, 299 U.S. 248, 255 (1936); *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts frequently grant applications by the Government to stay parallel civil proceedings to protect a pending criminal case. *See, e.g.*, *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2002 WL 31729501, at *11 (S.D.N.Y. Dec. 5, 2002) (granting requests concerning stays of discovery for: (i) a defendant who pleaded guilty but was not yet sentenced; and (ii) individuals who were cooperating witnesses); *United States v. Goyal*, 19 Civ. 10832 (KMK) (Feb. 5, 2020), Dkt. No. 8 (granting the Government's request to stay a civil proceeding until the conclusion of a parallel criminal case "given that Defendants consent").

When considering whether to grant a stay, courts balance the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest. *SEC* v. *Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Sec. Litig.*, 2002 WL 31729501, at *4); *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination." *Volmar Distrib.,* 152 F.R.D. at 39 (S.D.N.Y. 1993) (staying civil discovery until the "resolution" of a related criminal case).

With respect to the first factor, the identity of issues underlying the Civil Action and the Criminal Case weighs heavily in favor of a stay. "Courts have consistently recognized" that the overlap of the issues in the criminal and civil cases is "a particularly significant factor." *SEC* v. *Shkreli*, No. 15 Civ. 7175 (KAM) (RML), 2016 WL 1122029, at *4 (E.D.N.Y. Mar. 22, 2016) (citation and quotation marks omitted); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter."). Here, the Civil Action concerns, in large part, the same alleged excessive force used by Finn that is described in the superseding indictment. Thus, the cases involve much of the same facts and issues.

With respect to the second factor, "the weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). Here, not only has an

indictment has been returned against Finn, but the Government has produced discovery, and negotiated a plea agreement, and Finn has pleaded guilty.

There is also very little, if any, prejudice to the parties that would result from a stay. Individuals named as defendants in parallel criminal cases typically have an interest in not being deposed because if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (noting that Fifth Amendment does not forbid adverse inferences against parties to civil actions). Although Finn has pleaded guilty in the Criminal Case, "the right against self-incrimination ordinarily survives until sentencing." *In re Worldcom, Inc. Sec. Litig.*, 2002 WL 31729501, at *7 (citing *Mitchell v. United States*, 526 U.S. 314, 325-26 (1999)). Further, in light of Finn's guilty plea, "the uncertainty as to when the criminal proceedings will conclude . . . [and] as to his sentencing date is of minimal concern." *Id.* at *8.

The Government and the public also have important interests that would be served by a stay. The Government, for example, has an interest in ensuring that sentencing proceeds in an orderly fashion. Further, in the absence of a stay, individuals cooperating with the Government may have to file pleadings or respond to discovery requests in the Civil Action. *See In re Worldcom, Inc. Sec. Litig.*, 2002 WL 31729501, at *9 ("The U.S. Attorney has a significant interest in preserving the usefulness of cooperating defendants as Government witnesses"). In addition, the Government understands the OAG will gather and evaluate facts before it determines whether to provide representation to defendants in the Civil Action or respond to the complaint on the defendants' behalf. The Government is concerned that having another entity in a defensive posture investigating the same conduct could negatively impact the Criminal Case. Further, developments in the Criminal Case could impact the OAG's decision-making with regard to representing defendants and responding to the complaint.

As to the interest of the Court, allowing resolution of the Criminal Case ahead of the Civil Action may result in a narrowing of the factual and legal issues before this Court. *See Volmar Dist., Inc.*, 152 F.R.D. at 40. It may also "promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges," *In re Worldcom, Inc. Sec. Litig.*, 2002 WL 31729501, at *8, and can "streamline later civil discovery since transcripts from the criminal case will be available to the civil parties," *Rosenthal v. Giuliani*, No. 98 Civ. 8408 (SWK), 2001 WL 121944, at *2 (S.D.N.Y. Feb. 9, 2001). Accordingly, the interests of judicial economy are better served by the requested stay.

Additionally, the Government is not aware of any third parties that would be harmed by a stay. Finally, any stay would be no longer than necessary to accommodate the interests of the criminal process.  At this time, the Government seeks a stay until sentencing, presently scheduled for October 20, 2022.

We thank the Court for considering this application.

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney

By:   /s/ Charles S. Jacob
       CHARLES S. JACOB
       LINDSEY KEENAN
       Assistant United States Attorneys
       (212) 637-2725/1565
       lindsey.keenan@usdoj.gov
       charles.jacob@usdoj.gov

cc:    Counsel of record (by ECF)