UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                           22-CV-3169

Melvin Virgil, Plaintiff,

      -against-                         **STIPULATION OF**
                                              **CONFIDENTIALITY**
                                              **AND**
                                              **PROTECTIVE ORDER**

Aaron Finn, et al., Defendants.
------------------------------------------------------X

        WHEREAS on October 4, 2022, Plaintiff Melvin Virgil served non-party the Department of Corrections and Community Supervision ("DOCCS") with a third-party subpoena in the above-captioned action.

        WHEREAS DOCCS believes that materials it is required to produce in response to that subpoena may include the production of information and/or documents that: (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain personal or confidential information.

        IT IS HEREBY STIPULATED AND AGREED that:

1.  The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.  DOCCS may designate as "Confidential" documents produced from the records of DOCCS and the information contained therein, the disclosure of which DOCCS reasonably believes would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law ("Confidential Material").

3.  DOCCS may further designate as "Attorney's Eyes Only" documents in the following categories, but only to the extent that DOCCS has a good faith basis for believing that the disclosure of such documents to Plaintiff would significantly and irreparably jeopardize correctional or institutional safety or security or good order.

> a.  All personnel, health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;
>
> b.  All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;
>
> c.  All DOCCS training materials that refer to or concern correctional, community supervision or institutional safety, security, or good order;

    d. Any other records, photographs, videos or materials that DOCCS reasonably believes would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public;

 4. For any document that a party seeks to designate as Confidential or Attorney's Eyes Only, the producing party should stamp the document with the appropriate designation in a conspicuous location within the margins of the document. A party will have no obligation to treat documents as Confidential or Attorney's Eyes Only without that stamp, unless the document being provided is incapable of being stamped (*i.e.*, a video or audio file); for purposes of any such document, the producing party should use best efforts to plainly identify in some fashion that the document is either Confidential or Attorney's Eyes Only.

 5. In the event that depositions are taken in this matter, the transcripts of those depositions will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective.

 6. An inadvertent failure to designate Confidential or Attorney's Eyes Only material may be corrected by supplemental written notice given as soon as practicable. That written notice should provide the other party with an identification of the production numbers of the inadvertently produced material, and the producing party should then re-produce the material with a proper

designation. Nevertheless, the receiving party should treat the document as so designated in the interim.

7. For the avoidance of doubt, nothing in this Stipulation and Protective Order shall in any way be construed to apply retroactively or to any documents Plaintiff or Plaintiff's counsel has obtained by some other means, either prior to or during this action. Should subsequent copies of these records be exchanged with designations of Confidentiality or Attorney's Eyes Only, those subsequent copies (and only those subsequent copies) shall be treated as such.

8. Notwithstanding the treatment as Confidential or Attorney's Eyes Only of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee, incarcerated individual, or other person who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

9. Confidential and Attorney's Eyes Only material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

10. A party receiving documents or information designated by DOCCS as Confidential and/or Attorney's Eyes Only reserves the right to make an application to the Court on notice challenging the designation in whole or part of any document or information. Prior to making such

application, counsel shall in good faith attempt to resolve any dispute. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential and/or Attorney's Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise.

11. Except as otherwise provided in this Stipulation and Protective Order, access to Confidential Material and Attorney's Eyes Only Material shall be limited to:

    a.    Attorneys for Plaintiff;

    b.    DOCCS and attorneys for DOCCS;

    c.    Attorneys for the Defendants in this litigation, except that, prior to any such person being given access to the Confidential Material and/or Attorney's Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

    d.    Employees and independent contractors of the respective attorneys for Plaintiff or DOCCS who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

    e.    The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or DOCCS, except that, prior to any such person being given access to the Confidential Material and/or Attorney's Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

    f.    Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

    g.    Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or DOCCS; and

    h.    The Court, including court personnel.

        i.     As for Confidential Material only, counsel for Plaintiff may allow Plaintiff to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiff shall not retain copies of Confidential Material. **As for Attorney's Eyes Only material identified in paragraph 3(b), Plaintiff's counsel may not show or provide copies of Attorney's Eyes Only material to Plaintiff or any current or former incarcerated individual, nor may they otherwise disclose the contents of Attorney's Eyes Only material with Plaintiff or any current or former incarcerated individual.**

12.    Confidential or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that in the event that Plaintiff's counsel intends to produce documents containing Confidential or Attorney's Eyes Only material or that contain Confidential or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon DOCCS' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give DOCCS the opportunity to seek a protective order against such production.

13.    Except as consented to in writing by DOCCS' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorney's Eyes Only material shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, including the Plaintiff. Disclosure of Attorney's Eyes Only material to the Plaintiff shall be subject to paragraph 9(i) above.

14.    Except as consented to in writing by DOCCS' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was

an incarcerated individual in the custody of DOCCS, except the Plaintiff. Disclosure of Confidential material to the Plaintiff shall be subject to paragraph 9(i) above.

15. No person receiving Confidential or Attorney's Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

16. The Confidential or Attorney's Eyes Only material shall not be disclosed in open court without first affording DOCCS' counsel an opportunity to contest disclosure of such Confidential or Attorney's Eyes Only material. For the avoidance of doubt, this paragraph does not apply to materials being filed in on the Court docket, which is governed by Paragraph 17.

17. If Plaintiff's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), and DOCCS' attorneys do not provide consent in writing, Plaintiff's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion. For the avoidance of doubt, nothing in this paragraph requires Plaintiff's attorneys to seek consent from DOCCS' attorneys before filing a request for documents to be filed under seal.

18. All papers directed by the Court to be filed under seal in accordance with paragraph 15 above, shall be filed in accordance with the Sealed Records Filing instructions of the United States District Court and the Court's individual rules and practices, if any.

19. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

20. Confidential or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

21. Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiff's counsel shall either return to DOCCS' counsel all Confidential and/or Attorney's Eyes Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential and/or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or shall notify DOCCS' counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel may retain attorney work product that refers to or relates to Confidential and/or Attorney's Eyes Only material.

22. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraphs 2 and 3 herein.

Dated: New York, New York
April 24, 2023

LETITIA JAMES
Attorney General of the State
of New York

Andrew Blancato, Esq.
Assistant Attorney General
28 Liberty Street, 18th Fl.
New York, New York 10005
(212) 416-6359
Andrew.Blancato@ag.ny.gov

BLOCH & WHITE, LLP

Benjamin White, Esq.
152 West 57th Street, 8th Fl
New York, New York 10019
(212) 4901-3825
bwhite@blochwhite.com

Erica Twomey, Esq.
Assistant Counsel
New York State Department of Corrections
and Community Supervision
Counsel's Office
1220 Washington Ave.
Albany, NY 12226
Office: (518) 457-4951

SO ORDERED:

*Cathy Seibel*

_____
HON. CATHY SEIBEL            5/1/23
United States District Judge
New York, New York

## CERTIFICATION

I certify my understanding that Confidential and/or Attorney's Eyes Only material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in Melvin Virgil v. Finn et. al. 22-CV-3169, currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential and/or Attorney's Eyes Only material, including but not limited to any notes or other transcriptions made of Confidential and/or Attorney's Eyes Only material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
_____
ADDRESS

_____
TELEPHONE NUMBER