UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELVIN VIRGIL,

                          Plaintiff,

                -v-

AARON FINN, Corrections Officer, ALEXANDER
COSTANTINI, Corrections Officer, PHILIP
LANGDON, Corrections Officer, JOHN DOE 1-8,
Corrections Officers, ANTHONY J. ANNUCCI, Acting
Commissioner of the New York State Department of
Corrections and Community Supervision, MARK
ROYCE, Former Superintendent of Green Haven
Correctional Facility, and JOHN DOE 9, supervising
employee of DOCCS, in their individual capacities,

                          Defendants.

22 Civ. 03169 (CS)

---

## [PROPOSED] PRIVACY ACT AND PROTECTIVE ORDER

WHEREAS, Plaintiff Melvin Virgil brought this action asserting claims against

defendants under 42 U.S.C. § 1983;

WHEREAS, the United States is not a party to this action;

WHEREAS, Plaintiff has served the United States with a *Touhy* request seeking certain

information and records in connection with this action;

WHEREAS, certain information and records Plaintiff seeks from the United States in

connection with Plaintiff's allegations in this action contain information concerning various third

parties which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act");

WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil

Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request

of Plaintiff and the United States, for the purposes of facilitating the disclosure of information

that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by the United States or by any other non-party agencies, departments, or offices of the United States in the course of discovery;

The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including but not limited to privileged law enforcement information and information protected from disclosure by the Privacy Act.

3. Information that the United States deems Protected Information shall be designated as such by stamping the phrase "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4. Any party who contests the designation of a document or record as Protected Information shall provide the United States written notice of its challenge. If the dispute cannot

be resolved, the parties and the United States shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes.  Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

5.      Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6.      Any document or record designated as Protected Information may be disclosed only to the following Qualified Persons:

i.      Plaintiff, attorneys for Plaintiff, and any support staff or other employees of Plaintiff or attorneys of record of Plaintiff who are assisting in the maintenance of this action;

ii.     Defendants, attorneys for the Defendants, and any support staff or other employees of Defendants or attorneys of record of Defendants who are assisting in the defense of this action;

iii.    The United States or any non-party agencies, departments, or offices of the United States, attorneys for the United States, and any support staff or other employees of the United States who are assisting in responding to Plaintiff's *Touhy* request or that are otherwise involved in this action;

iv.     Witnesses who are deposed in this action, to the extent the witnesses' testimony may relate to documents designated as Protected Information;

3

v.      Experts, consultants, or vendors retained for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

vi.     Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

vii.    The Court and Court personnel; and

viii.   Such other persons as hereafter may be authorized by written agreement of the United States and the Plaintiff or by the Court upon motion.

7.      A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel, and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form.  A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.  The provisions of this Order shall be binding upon each such person to whom disclosure is made.

8.      All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9.      Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information.  Any portions of deposition transcripts containing such questions and

testimony shall be automatically subject to the same protections and precautions as the Protected Information.

10.     If any party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the United States with no less than ten days' advance written notice of its intent to file such material.  The United States may then make an application to the Court requesting that the material be filed and kept under seal.  If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application.  The parties and the United States will use their best efforts to minimize the need to file documents under seal.

11.     Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

12.     Nothing contained in this Order shall be construed to prejudice any party or non-party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the United States so that the United States may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

13.     If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the United States no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the United States sufficient time to object and seek a protective order as necessary.  There shall be no disclosure after an objection has been made

until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.  If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

14.     Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the parties, shall be returned to the United States or destroyed.  If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the United States that the Protected Information in its possession has been destroyed.

15.     If the United States inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information.  The United States may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations.  Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the United States that such materials have been returned or destroyed.

16.     This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

17.     Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party or non-party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

18.     Nothing in this Order shall affect the right of any party or non-party to seek additional protection against the disclosure of any documents or materials, or of the parties or non-parties to seek additional disclosures.

19.     Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20.     Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.

SO STIPULATED AND AGREED TO BY:

Dated: May 4, 2023
　　　　New York, New York

　　　BLOCH & WHITE LLP

By: _____

　　BENJAMIN D. WHITE
　　152 West 57th Street, 8th Floor
　　New York, New York 10019
　　Tel.: (212) 901-3825
　　E-mail: bwhite@blochwhite.com
　　*Counsel for Plaintiff*

Dated: May 4, 2023
　　　　New York, New York

　　　DAMIAN WILLIAMS
　　　United States Attorney for the
　　　Southern District of New York

By: _____

　　CARLY WEINREB
　　Assistant United States Attorney
　　86 Chambers Street, 3rd Floor
　　New York, New York 10007
　　Tel.: (212) 637-2769
　　E-mail: carly.weinreb@usdoj.gov
　　*Counsel for the United States*

SO ORDERED:

_____

HON. CATHY SEIBEL
United States District Judge

Dated: 7/5/23
_____
　　　　New York, New York
　　　　White Plains, New York

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELVIN VIRGIL,

                              Plaintiff,

                    -v-

AARON FINN, Corrections Officer, ALEXANDER
COSTANTINI, Corrections Officer, PHILIP
LANGDON, Corrections Officer, JOHN DOE 1-8,
Corrections Officers, ANTHONY J. ANNUCCI, Acting
Commissioner of the New York State Department of
Corrections and Community Supervision, MARK
ROYCE, Former Superintendent of Green Haven
Correctional Facility, and JOHN DOE 9, supervising
employee of DOCCS, in their individual capacities,

                              Defendants.

22 Civ. 03169 (CS)

---

## ACKNOWLEDGEMENT

I have read and I understand the Privacy Act Order and Protective Order entered by the

Court in the case *Virgil v. Finn, et al.*, Case No. 22 Civ. 03169 (CS), and I agree to be bound by

its terms.


Date:            _____


Name (printed):  _____


Signature:       _____