UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MELVIN L. VIRGIL,

                Plaintiff,

     - against -

AARON FINN, Corrections Officer,
ALEXANDER J. CONSTANTINI, Corrections
Officer, P. LANGDON, Corrections Officer,
JOHN DOE 1-8, Corrections Officers,
ANTHONY J. ANNUCCI, Acting Commissioner
of New York State Department of Corrections and
Community Supervision, MARK ROYCE, Former
Superintendent of Green Haven Correctional
Facility, JOHN DOE 9, supervising employee of
DOCCS, in their individual capacities,

                Defendants.
-------------------------------------------------------------- X

22 Civ. 3169 (CS)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DOCCS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

LETITIA JAMES
Attorney General
State of New York
*Attorney for DOCCS Defendants*

Maurice Nwikpo-Oppong
Assistant Attorney General
     *Of Counsel*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 3

    POINT I     There is No Genuine Dispute of Material Facts.................................................. 3

    POINT II    DOCCS Defendants' neither created a policy nor allowed a policy to continue that caused Plaintiff's Injuries ............................................................. 5

          A.    Plaintiff Cannot Meet the Objective Element of the Deliberate Indifference Standard ............................................................................................................. 5

          B.    Plaintiff Cannot Meet the Subjective Element of the Deliberate Indifference Standard ............................................................................................................. 6

    POINT III   DOCCS Defendants are entitled to Qualified Immunity .................................... 9

CONCLUSION.................................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Banyan v. Sikorski*, 17 Civ. 4942, 2021 WL 2156226 (S.D.N.Y. May. 27, 2021) ........................ 11

*Collins v. City of N.Y.*, No. 14 Civ. 8815, 2017 WL 11582468 (S.D.N.Y. July 10, 2017) ............ 4

*Farmer v. Brennan,* 511 U.S. 825, 837 (1994) ................................................................................ 8

*Finnegan v. Berben*, No. 20 Civ. 10231 (KMK), 2024 WL 1242996, at *2 n.2
    (S.D.N.Y. Mar. 22, 2024) ........................................................................................................... 3

*Goldstick v. The Hartford, Inc.*, No. 00 Civ. 8577, 2002 WL 1906029 (S.D.N.Y. Aug. 19, 2002) 5

*Gonzalez v. City of Schenectady*, 728 F.3d 149 (2d Cir. 2013) ...................................................... 11

*Gun Hill Road Serv. Station, Inc. v. ExxonMobil Oil Corp.*, 2013 WL 1804493
    (S.D.N.Y. Apr. 18, 2013) ............................................................................................................ 11

*Hathaway v. Coughlin,* 99 F.3d 550 (2d Cir.1996) ......................................................................... 6

*Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354 (S.D.N.Y. 2013) ...................... 6

*Porro v. Barnes*, 624 F.3d 1322 (10th Cir. 2010) ........................................................................... 9

*Pusepa v. Annucci*, No. 17 Civ. 7954, 2019 WL 690678, at *4 (S.D.N.Y. Feb. 19, 2019) ........ 6, 7

*Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127 (2d Cir. 2013) ........................... 11

*Stone #1 v. Annucci*, No. 20 Civ. 1326, 2021 WL 4463033 at *9 (S.D.N.Y. 09/28/2021) ........ 5, 6

*Stridiron v. Newburgh Enlarged City Sch. Dist.*, No. 20 Civ. 6823, 2023 WL 5586680
    (S.D.N.Y. Aug. 29, 2023) ........................................................................................................... 4

*Taylor v. Rodriguez*, 238 F.3d 188 (2d Cir. 2001) ......................................................................... 11

*Tripathy v. McCloskey et al.*, No. 21 Civ. 6584, 2024 WL 2135623,
    (S.D.N.Y. May 13, 2024) ....................................................................................................... 3, 4

*Vega v. Semple*, 963 F.3d 259 (2d Cir. 2020) ................................................................................. 8

*Ziemba v Armstrong*, 430 F.3d 623 (2d Cir. 2005) ........................................................................ 8

**U.S. Constitution**

Eighth Amendment ................................................................................................... 5, 7, 10

**Federal Rules**

Federal Rules of Civil Procedure 56 ................................................................................ 1

**Local Civil Rules**

Local Civil Rule 56.1 ................................................................................................ 1, 3, 4

**PRELIMINARY STATEMENT**

This reply memorandum of law is submitted respectfully on behalf of Defendants Anthony J. Annucci, Former Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), and Mark Royce, Former Superintendent of Green Haven Correctional Facility ("Green Haven"), (collectively, "DOCCS Defendants") by their attorney, Letitia James, Attorney General of the State of New York, along with the accompanying Local Civil Rule 56.1 Statement of Undisputed Material Facts ("56.1"), and the annexed declaration of Maurice Nwikpo-Oppong dated August 2, 2024, in further support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff Melvin L. Virgil ("Plaintiff"), an incarcerated individual ("I/I") in DOCCS custody, alleges that, on March 19, 2020, DOCCS Defendants, in their roles as DOCCS Commissioner and Superintendent of Green Haven, created and maintained policies and procedures that fostered a culture of violence in Green Haven that led to the assault on Plaintiff by Defendant Aaron Finn, and observed by Defendants Philip Langdon and Alexander J. Costantini. Plaintiff's sole allegation against DOCCS Defendants is woefully insufficient to state a claim.

The evidence adduced in discovery demonstrates that Annucci took corrective measures to root out and identify bad actors, and that Royce was unaware of a pattern or practice of excessive force at Green Haven. Plaintiff's Opposition fails to connect the policies that DOCCS Defendants created and maintained to Finn's actions. *See* generally ECF No. 127 ("PL's Opposition"). To the contrary, DOCCS Defendants' policies and practices ensured that Finn was prosecuted to the fullest extent of the law, and Langdon and Costantini acknowledged that they intentionally acted inappropriately when they violated other policies and practices. The evidence adduced does not

show that DOCCS Defendants, personally and through their own actions, were deliberately indifferent to a substantial risk that Finn would use excessive force against Plaintiff.

Furthermore, Plaintiff fails to address or controvert pertinent facts that vitiate his allegation. The evidence adduced does not show that: (1) Finn was ever part of some "Beat-up squad" or that his actions on March 19, 2020 reflected his participation in such a squad; (2) Finn had any substantiated allegations of excessive force prior to this March 19, 2020 incident involving Plaintiff; and (3) Finn disclosed to any official at Green Haven that he suffered a mental injury as a result of the October 2019 assault that placed him on workers' compensation until February 2020. Plaintiff cannot establish that DOCCS Defendants had any personal knowledge of the specific circumstances (*i.e.*, Finn's mental condition) that caused Finn's use of excessive force against Plaintiff and that DOCCS Defendants decided to disregard the excessive risk that Finn posed to Plaintiff's health or safety.

In sum, there is no evidence that DOCCS Defendants knew that Finn posed a threat to Plaintiff, specifically, or to any other I/I at Green Haven. The fact that DOCCS Defendants may have been aware of general issues of excessive force and cover-ups in the prisons and the general effect that those issues may have on inmates does not plausibly suggest that DOCCS Defendants had sufficient knowledge of the specific circumstances that would lead to Finn's assault on the Plaintiff. Prior incidents or lawsuits against DOCCS employees, even if some of those prior lawsuits named Annucci, do not suffice to plausibly suggest the existence of a custom or policy that violated Plaintiff's constitutional rights. There is no evidence that DOCCS Defendants were aware that Langdon or Costantini would ignore DOCCS's directive regarding filing accurate Use of Force paperwork. All undisputed evidence is to the contrary.

**ARGUMENT**

**POINT I**

**THERE IS NO GENUINE DISPUTE OF MATERIAL FACTS**

In his Opposition, Plaintiff does not argue that there are disputed issues of fact, but rather, he argues DOCCS Defendants glossed over "hard evidence." His Opposition 56.1, even when it explicitly states "disputed," does not actually dispute DOCCS Defendants' 56.1. Instead, his Opposition 56.1 proffers context, counters with arguments, presents a semantic argument with the DOCCS Defendants' phrasings, or draws legal conclusions. *See* ECF No. 128 ("PL's Opp. 56.1").

Opposition to a Local Civil Rule 56.1 ("LR 56.1") statement of facts must consist of a "separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried," which are supported by admissible evidence. *Finnegan v. Berben*, No. 20 Civ. 10231 (KMK), 2024 WL 1242996, at *2 n.2 (S.D.N.Y. Mar. 22, 2024) (citation omitted). The purpose of a LR 56.1 response is to advise the court whether the specific fact that the moving party asserts is or is not disputed. *See Tripathy v. McCloskey, et al.*, No. 21 Civ. 6584, 2024 WL 2135623, at *5 (S.D.N.Y. May 13, 2024).

In compliance with the limit set in Item 2.C.ii of Hon. Cathy Seibel's Individual Practices dated July 10, 2024, DOCCS Defendants filed a six-page LR 56.1 Statement of Undisputed Material Facts that contained 36 paragraphs. *See* ECF No. 123 ("56.1"). In response, Plaintiff filed a 41-page response that consisted of repetitive and non-responsive arguments that do not dispute but adds context to or argues against 56.1. *See* PL's Opp. 56.1 Resp. ¶¶ 15, 18, 19, 23, and 29.

Pursuant to *Tripathy*, Plaintiff's Opp. 56.1 response fails to comply with the requirements of LR 56.1 in several respects. First, Plaintiff's Opp. 56.1 is almost seven times longer than DOCCS Defendants' six-page submission. *Tripathy*, 2024 WL 2135623, at *5-6 ("ordinarily twice

3

as many pages is more than sufficient"); *see also Collins v. City of N.Y.*, No. 14 Civ. 8815, 2017 WL 11582468, at *3 (S.D.N.Y. July 10, 2017) (striking plaintiff's 57-page 56.1 response to defendant's 35-page 56.1 statement as not short and concise). Second, many of Plaintiff's purported denials do not actually controvert the substance of the corresponding paragraphs in DOCCS Defendants' 56.1. For example, Plaintiff's Opp. 56.1 often avers that DOCCS Defendants' asserted fact provides incomplete context. *See, e.g.*, Opp. 56.1 Resp. ¶¶ 14, 21, 29. Merely providing additional context does not properly controvert Defendants' statements. *See Stridiron v. Newburgh Enlarged City Sch. Dist.*, No. 20 Civ. 6823, 2023 WL 5586680, at *1 n.1 (S.D.N.Y. Aug. 29, 2023) ("Plaintiffs' response to Defendants' 56.1 Statement denials . . . quibble with Defendants' phraseology or speak past Defendants' asserted facts without specifically controverting them"). Many of Plaintiff's denials argued context or were semantic quibbles.

By way of example, Plaintiff's response to DOCCS Defendants' statement as to job title "at all relevant times" did not dispute the job title, but the term "all relevant times." *See* Opp. 56.1, Resp. ¶¶ 14, 15, 29. Plaintiff's response were often argumentative or consisted of opinions. In Plaintiff's response to Annucci's testimony that DOCCS had a number of "bad apples" that have to be outed, Plaintiff, at first stated "undisputed" and then added, "although Plaintiff avers that Defendant Annucci's testimony speaks for itself," provides fourteen (14) pages of context, arguments, and legal conclusion. *See* PL's Opp. 56.1 Resp. ¶ 18; ¶ 19 (five-page response), ¶ 24 (three-page response), ¶ 28 (two-page response). In Plaintiff's response to Royce's testimony that he did not believe excessive force cases were a widespread problem, Plaintiff first stated, "Undisputed," and then added a seven-page clarification. *See* PL's Opp. 56.1 Resp. ¶ 32. Plaintiff's forty-one (41) page Opp. 56.1 appears to be "a manifest evasion of [Hon. Seibel's twenty-five] page limitation on plaintiff's memorandum in opposition to the motion for summary judgment."

*Goldstick v. The Hartford, Inc.*, No. 00 Civ. 8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002); *see also* Item 2.B.i of Hon. Seibel's Individual Practices.

Even with Plaintiff's non-compliant Opp. 56.1, there are, in fact, no genuine disputes as to the fact that DOCCS Defendants created and/or maintained policies at DOCCS and that they had an affirmative duty to protect the health and safety of the I/Is. There is no dispute that after *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), Annucci and Royce, as policymakers, can be held liable if their role in creating and/or maintaining a policy was the moving force behind Finn's violation of Plaintiff's Eighth Amendment rights. *Stone #1 v. Annucci*, No. 20 Civ. 1326, 2021 WL 4463033 at *9 (S.D.N.Y. 09/28/2021). The remaining issues are purely legal ones, as to whether DOCCS Defendants "had subjective knowledge of the risk of the [excessive force that Finn would inflict] on Plaintiff and whether [they] decided to disregard that risk." *Tangreti*, 983 F.3d at 619.

## POINT II

### DOCCS DEFENDANTS' NEITHER CREATED A POLICY NOR ALLOWED A POLICY TO CONTINUE THAT CAUSED PLAINTIFF'S INJURIES

Plaintiff did not adduce in discovery, and has not proffered in opposition, any evidence that DOCCS Defendants were deliberately indifferent to the fact that a policy that they created and/or maintained caused or would cause Finn to use excessive force against Plaintiff. The deliberate indifference standard contains both an objective and a subjective prong. *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996). Plaintiff must satisfy both prongs. *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013).

A. **PLAINTIFF CANNOT MEET THE OBJECTIVE ELEMENT OF THE DELIBERATE INDIFFERENCE STANDARD**

Deliberate indifference claims against defendants premised on their policymaking capacity are established only when, "after notice of an unconstitutional practice, the defendant created the improper policy or allowed it to continue, causing the harm." *Stone #1*, 2021 WL 4463033, at *34

5

(citing *Pusepa v. Annucci*, No. 17 Civ. 7954, 2019 WL 690678, at *4 (S.D.N.Y. Feb. 19, 2019)). DOCCS Defendants do not deny that their respective supervisory positions endowed them with policymaking responsibility. Nonetheless, Plaintiff has not—and cannot—point to any evidence in the record that DOCCS Defendants created and/or maintained a policy that facilitated and encouraged Finn's use of excessive force against Plaintiff. *Id.*

The "hard evidence" in Plaintiff's Opposition is merely a collection of newspaper articles, investigative reports, and white papers from watchdog non-governmental agencies discussing a so-called "culture of brutality" in DOCCS's facilities over a five-to-ten-year period. PL's Opposition, pp. 17-29. DOCCS Defendants do not contest that the potential exists, at any correctional facility, that an interaction between a correction officer and an I/I may escalate to the point that said correction officer may use excessive force. "We try to enforce a zero-tolerance policy for excessive use of force. We don't achieve 100 percent compliance, but any single instance is very disturbing." Annucci, 14:18-21.

According to Plaintiff's Opposition (*see* PL's Opp., pp. 33-39), Annucci's policies and programs have been inconsequential and ineffective failures that did not mitigate the so-called "culture of brutality." "[None] of the supposed "programs" [Annucci] implemented "mitigated" the problems of excessive force or cover ups at all . . . ." PL's Opposition, p. 33. Without any empirical data, Plaintiff's argument is simply conclusionary. The DOCCS Defendants do not deny that use of excessive force and possible cover ups by correction officers do occur. Nonetheless, Plaintiff failed to prove the DOCCS Defendants' policies permitted Finn to injury Plaintiff.

### B. PLAINTIFF CANNOT MEET THE SUBJECTIVE ELEMENT OF THE DELIBERATE INDIFFERENCE STANDARD

Even if Plaintiff could meet the requirements of the objective prong of the Eighth Amendment analysis, he fails to demonstrate that the DOCCS Defendants had the requisite

culpable state of mind. "[For] deliberate-indifference claims under the Eighth Amendment against a prison supervisor, the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Tangreti*, at 616 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). *Tangreti* requires a plaintiff to show that a supervisory official is liable because the official "personally" knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Tangreti*, at 619 (quoting *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020)). Merely being on notice of excessive force is not enough. *Tangreti* obligates a plaintiff to prove that the defendant-official subjectively know of the risk of harm to an I/I and consciously disregarded that risk. *Id.* at 612. Plaintiff's "hard evidence" is not sufficient to prove deliberate indifference. In *Ziemba v Armstrong*, 430 F.3d 623 (2d Cir. 2005), the Court held that the Commissioner and Warden were "entitled to summary judgment on all claims against them" because evidence adduced showed that neither was informed about the violations to Plaintiff constitutional rights until after the fact. *Id.* at 625. "Although there is evidence that [Commissioner] was informed that prison guards at a different correctional institution had previously beaten plaintiff, [Commissioner] responded promptly and appropriately to those incidents." *Id*.

Plaintiff's Opposition concludes, with no basis for drawing such a conclusion, that DOCCS Defendants had the subjective knowledge of the risk that Finn specifically presented to Plaintiff and the resulting injury he would suffer because they were aware of past incidents of excessive force. PL's Opposition, p. 33. As stated in the underlying motion, *Tangreti* held that, "[t]he focus is on what the supervisor did or caused to be done, 'the resulting injury attributable to his conduct, and the *mens rea* required of him to be held liable, which can be no less than the *mens rea* required

7

of anyone else.'" *Tangreti*, 983 F.3d at 618 (quoting *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (Gorsuch, J.)). Plaintiff cannot prove DOCCS Defendants had the requisite *mens rea*.

Both DOCCS Defendants testified at their respective depositions that they believed individual incidents of excessive force, while problematic, were perpetuated by rogue officers and were not emblematic of a large-scale problem. 56.1 ¶¶ 18, 32. Plaintiff's "hard evidence" does not support the allegation that DOCCS Defendants were deliberately indifferent to the fact that Finn's undisclosed mental disorder would pose a substantial risk to the health and safety of Plaintiff.

### 1. Annucci Lacked Knowledge that Finn posed a Substantial Risk to Plaintiff.

Plaintiff relies primarily on Annucci's admission that "there was some culture of brutality amongst a small number of rogue officers . . . ." Annucci, 259:16-19. Yet Plaintiff fails to acknowledge Annucci's other testimony, which counters,

> Your question seems to imply that there are widespread wrongdoers in the system that are aided by other individuals who cover up for them. And I think that is an unfair characterization. There are some number of bad apples in the system and they have to be treated like the cancer that they are. They have to be outed and they have to be removed, and any potential negative influence that they may have exerted on others needs to be sanitized as well.

Annucci, 66:5-16. Plaintiff's Opposition merely insinuates, with no proof, that Finn's use of excessive force was another example of the "culture" at DOCCS' facilities simply because Finn was a correction officer. The evidence adduced does not support this theory. Plaintiff's Opposition ignores the evidence that Plaintiff's injury was an unanticipated incident involving a correction officer with an undisclosed mental disorder. 56.1 ¶ 13. It fails to show that Annucci knew of and disregarded the risk that Finn's mental disorder would cause Plaintiff's injury. The evidence does show that Annucci did not know that Finn posed a substantial risk to the I/Is until after the incident.

### 2. Plaintiff Cannot Point to a Specific Policy, Practice, or Culture that Royce Maintained That Harmed Plaintiff.

Plaintiff's Opposition avers that "Royce deliberately disregarded the [policy, practice, or culture] of excessive force and cover ups is quite straightforward." Pl.'s Opp., p. 39. Plaintiff then proceeds to misstate and mischaracterize Royce's testimony in order to support his specious argument. "[Unlike] Annucci, Royce admitted in his deposition that he took *not a single step* to . . . curb excessive force and cover ups at Green Haven." *Id.* at pp. 39-40. However, Plaintiff does not quote any testimony or point to any evidence to prove that Royce did nothing to reduce excessive force at Green Haven or knew that the current policies would result in Plaintiff's injury.

Royce testified that, during his tenure, "I did not take any steps because I don't know if there were an excessive force issue. . . . I do not believe that there was an issue of officers covering up reports at Green Haven." Royce did not take any steps to address the problem of cover up "because I don't think it was a problem." Royce, 239:7-21. Furthermore, Plaintiff glosses Royce's admission, "I made sure that we followed the rules and regulations of the Department and the state law. By following the directives and the [Facility Operation Manual] of the facility . . . . " Royce, 27:19-21, 23-24. Assuming, *arguendo*, that Royce did not implement any policies at Green Haven (*See* Royce, 28:13-29:15.), Plaintiff has not demonstrated that Royce's enforcement and maintenance of DOCCS's formal policies is what caused Finn to injure Plaintiff.

Because the evidentiary record can neither satisfy the objective nor subjective prongs to establish that the DOCCS Defendants, through their own individual actions, violated Plaintiff's Eighth Amendment rights, Plaintiff's deliberate indifference claims fail. *Tangreti*, 983 F.3d at 618.

## POINT III

### DOCCS DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiff's Opposition does not challenge DOCCS Defendants' argument that they are entitled to qualified immunity, despite specifically arguing that Langdon is not entitled to qualified

immunity. "Such a failure to respond to arguments set forth in a moving party's brief is an adequate ground for a Court to deem the claim abandoned." *Banyan v. Sikorski*, 17 Civ. 4942, 2021 WL 2156226, at *2 (S.D.N.Y. May. 27, 2021) (citing *Gun Hill Road Serv. Station, Inc. v. ExxonMobil Oil Corp.*, 2013 WL 1804493, at *11 n.5 (S.D.N.Y. Apr. 18, 2013); *Taylor v. Rodriguez*, 238 F.3d 188, 196-97 (2d Cir. 2001)).

Moreover, DOCCS Defendants are entitled to qualified immunity because the evidence adduced cannot prove that they were personally involved in a constitutional violation. *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 135-36 (2d Cir. 2013). DOCCS Defendants are also entitled to qualified immunity because it was objectively reasonable for officials in their positions to believe that allowing Finn to return to work would not violate Plaintiff's constitutional rights. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013).

## CONCLUSION

For the foregoing reasons, and as argued in the underlying motion, the Court should grant the DOCCS Defendants' motion for summary judgment, dismissing all claims against Defendants Annucci and Royce, and grant such other relief as the Court deems just and proper.

Dated:  November 19, 2024

                                LETITIA JAMES
                                Attorney General
                                State of New York
                                *Attorney for Defendants Annucci and Royce*

By: _____
      Maurice Nwikpo-Oppong, Esq.
      Assistant Attorney General
      28 Liberty Street
      New York, New York  10005
      (212) 416-6097
      Maurice.Nwikpo-Oppong@ag.ny.gov