# BLOCH & WHITE LLP

152 WEST 57TH STREET, EIGHTH FLOOR
NEW YORK, NEW YORK 10019
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (212) 901-3825
DIRECT E-MAIL: BWHITE@BLOCHWHITE.COM

March 17, 2025

**By ECF and Electronic Mail**
The Honorable Cathy Seibel
300 Quarropas Street, Courtroom 621
White Plains, New York 10601
chambersnysdseibel@nysd.uscourts.gov

Re:     *Virgil v. Finn et al.,* No. 22-CV-3169 (CS)

Dear Judge Seibel:

Pursuant to Fed. R. Civ. P. 72, Plaintiff Melvin Virgil respectfully submits the following exceedingly limited objection to Magistrate Judge McCarthy's thorough March 3, 2025 sealing order. *See* Dkt. No. 149. Specifically, Plaintiff objects only to Judge McCarthy's conclusion that Docket No. 134-19 should be redacted in part to protect discussions by certain DOCCS administrators (including Defendant Anthony J. Annucci) under the law enforcement privilege. We respectfully submit that, in this respect, Judge McCarthy's order is contrary to law and clearly erroneous and therefore the order should be reversed in this small part.

## I.     Legal Standard

"A party may serve and file objections" to an order issued by a magistrate judge on a non-dispositive motion "within 14 days after being served with a copy" of that order. Fed. R. Civ. P. 72(a). "The district judge in the case must [then] consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wu Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is considered to be contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Noel v. City of New York*, 2018 WL 6786238, at *4 (S.D.N.Y. Dec. 12, 2018) (internal quotations omitted). Although a magistrate judge's resolution of a nondispositive matter is afforded deference, a reversal is warranted if there is "an abuse of discretion." *Ri Sau Kuen Chan v. NYU Downtown Hosp.*, 2004 WL 1886009, at *3 (S.D.N.Y. Aug. 23, 2004).

## II.     The Law Enforcement Privilege

"[T]he party asserting the law enforcement privilege bears the burden of showing that the privilege applies to the document[] in question." *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). To meet this burden, the party asserting the law enforcement privilege must show that the "documents contain information that law enforcement privilege is intended to protect, including information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law

enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise . . . interfere[] with an investigation." *Id.* (internal citations and quotations omitted).

### III.    Docket No. 134-19 Is Not Covered by the Law Enforcement Privilege (and the DOCCS Defendants Did Not Remotely Meet Their Burden to Prove as Such)

As background, Docket No. 134-19 is an e-mail thread dated February 28-March 2, 2020, containing the subject line, "The Marshall Project: Karl Taylor Died in a New York Prison. Now the State Has Agreed to Pay Millions." The e-mail thread contains the publicly available text of the article described in the subject line (which appeared in the New York Times and covered the 2015 death of incarcerated person Karl Taylor), along with discussions among certain DOCCS administrators, including Defendant Annucci, about the article. The DOCCS Defendants produced this document in this litigation.

Judge McCarthy's decision that the DOCCS Defendants met their burden of establishing that Docket No. 134-19 merits sealing under the law enforcement privilege rests on both legal and factual errors. Order at 14-15. Specifically, the magistrate court erroneously concluded that certain sections of the e-mail thread contained "privileged information relating to DOCCS' thoughts and reactions to this article," and should be protected under the law enforcement privilege because "it involves details of investigative procedures and internal law enforcement protocols."[1] *Id.* But the DOCCS Defendants never even made that argument (let alone the requisite evidentiary showing), nor could they have because the document on its face says not a word about anything remotely akin to "investigative procedures" or "internal law enforcement protocols." In this context, ruling that Docket No. 134-19 could be sealed at least in part was an abuse of discretion for several independent reasons.

*First*, as a threshold matter, the DOCCS Defendants simply never argued (let alone showed) that Docket No. 134-19 revealed "details of investigative procedures and internal law enforcement protocols." Specifically, in neither of their sealing submissions did the DOCCS Defendants offer any showing or even explanation that the law enforcement privilege applies to Docket No. 134-19. *See* Dkt. Nos. 143, 146. Rather, throughout their two submissions, the DOCCS Defendants offered only a single sentence of argument specific to Docket No. 134-19, noting that "two of the four pages of Exhibit 18 is primarily a discussion about what actions DOCCS should take as a result of [a New York Times] report."[2] But that says not a word about "investigative procedures" or "internal law enforcement protocols." To be sure, the DOCCS Defendants elsewhere generally assert that this document is within a larger category of documents that should each be sealed because the information contained therein somehow "jeopardize[s] the safety and security of DOCCS's facilities and the individuals contained therein." But the DOCCS

---

[1] The magistrate court correctly noted that a section of this e-mail contains publicly available information and thus should be unredacted. Order at 15.

[2] Elsewhere, the DOCCS Defendants generally categorized Docket No. 134-19 (among other documents) as falling under the law enforcement privilege with respect to "confidential statements" "given to OSI and investigative bodies." Dkt. No. 146. But Docket No. 134-19 plainly does not contain any such information.

Defendants made absolutely no showing as to how this specific discussion—about a public news article *from five years ago* concerning an instance of staff violence that occurred *ten years ago*—might remotely jeopardize current security or safety. *See, e.g.*, *United States v. Caicedo Velandia*, 2019 WL 6913524, at *2 (E.D.N.Y. Dec. 19, 2019) ("the Court takes seriously its obligation to ensure that every sealed document—or any redacted word—is justified by something more than a '[b]road and general' appeal to safety, security, or the like"). The DOCCS Defendants' failure to sufficiently invoke the law enforcement privilege should have been dispositive. *See MacWade v. Kelly*, 230 F.R.D. 379, 381 (S.D.N.Y. 2005) ("To sustain the invocation of such a privilege . . ., [the party invoking the privilege] must make a clear showing of harm if the information is disclosed.") (internal quotation omitted).

*Second*, consistent with the fact that the DOCCS Defendants did not even make the argument, the magistrate court simply erred in arriving at its factual finding that Docket No. 134-19 contains "details of investigative procedures and internal law enforcement protocols." Order at 15. To be clear: Docket No. 134-19 says not a word about any of DOCCS' investigative procedures or law enforcement protocols. Rather, Docket No. 134-19 was an e-mail amongst (almost all former) DOCCS administrators discussing their response to a public report criticizing the (then-dated) conduct of certain of their former employees. That those employees happened to be corrections officers does not transform all of their internal personnel discussions into ones that pertain to "investigative procedures" or "internal law enforcement protocols."

*Finally*, and relatedly, the magistrate court erred as a matter of law in relying so heavily on the notion that Docket No. 134-19 reflected "DOCCS' thoughts and reactions." Specifically, case law makes clear that just these types of after-the-fact "thoughts and reactions" are not subject to the law enforcement privilege, especially in the absence of any threshold showing that the law enforcement privilege was applicable. Indeed, the e-mail discussion includes just the type of "recommended changes" and "critiques of . . . performance" that have been quintessentially regarded as *not* subject to the law enforcement privilege. *MacNamara v. City of New York*, 249 F.R.D. 70, 91 (S.D.N.Y. 2008). Again, simply because certain DOCCS administrators, who happen to supervise corrections officers, had discussions about how to deal with an issue, does not mean that those discussions necessarily concern "investigative procedures" or "internal law enforcement protocols" such that the law enforcement privilege applies.

For the foregoing reasons, Plaintiff respectfully requests that this Court reverse in part the March 3, 2025 order and order the DOCCS Defendants to file Docket No. 134-19 to the docket without any sealing.

Respectfully submitted,

Benjamin D. White