UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MELVIN L. VIRGIL,

                              Plaintiff,

             - against -

AARON FINN, Corrections Officer, ALEXANDER J. COSTANTINI, Corrections Officer, P. LANGDON, Corrections Officer, JOHN DOE 1-8, Corrections Officers, ANTHONY J. ANNUCCI, Acting Commissioner of New York State Department of Corrections and Community Supervision, MARK ROYCE, Former Superintendent of Green Haven Correctional Facility, JOHN DOE 9, supervising employee of DOCCS, in their individual capacities,

                          Defendants.

------------------------------------------------------------------ X

**STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**

22-CV-3169 (CS)(JCM)

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiff Melvin Virgil ("Plaintiff"), Defendants Anthony J. Annucci and Mark Royce (collectively, "OAG Defendants"), and Defendants Philip Langdon and Alexander J. Costantini (collectively, "Certified Defendants") (OAG Defendants and Certified Defendants together, "Settling Defendants"), (Plaintiff, OAG Defendants and Certified Defendants, collectively, "the Parties") as of _____June 8_____, 2026:

WHEREAS, Plaintiff *pro se* commenced the above-captioned action by filing a Complaint on or about April 18, 2022, (ECF No. 1), alleging claims against Defendants Alexander J. Costantini, Aaron Finn, John Doe 1-8, and Philip Langdon, pursuant to 42 U.S.C. § 1983; and

WHEREAS, on or about August 8, 2022, Certified Counsel entered a notice of appearance on behalf of Certified Defendant Langdon (ECF No. 37); and

WHEREAS, on or about August 8, 2022, Certified Counsel entered a notice of appearance on behalf of Certified Defendant Costantini (ECF No. 38); and

WHEREAS, on or about October 13, 2022, Counsel entered a notice of appearance on behalf of Defendant Finn (ECF No. 44); and

WHEREAS, on or about October 14, 2022, Defendant Finn filed an Answer to the Complaint (ECF No. 45); and

WHEREAS, on or about October 17, 2022, Certified Defendant Costantini filed an Answer to the Complaint (ECF No. 50); and

WHEREAS, on or about October 17, 2022, Certified Defendant Langdon filed an Answer to the Complaint (ECF No. 51); and

WHEREAS, following leave to amend, Plaintiff filed a First Amended Complaint on or about November 04, 2022 (ECF No. 53)[1], alleging claims against Defendants Aaron Finn, Alexander Costantini, Philip Langdon, John Does #1-8, Anthony J. Annucci, Mark Royce, and John Doe 9, pursuant to 42 U.S.C. § 1983; and

WHEREAS, Defendants Anthony Annucci and Mark Royce filed a Pre-Motion Conference Letter in anticipation of their motion to dismiss the First Amended Complaint on or about December 16, 2022 (ECF Nos. 64); and

WHEREAS, on or about December 19, 2022, Defendant Finn filed an Answer to the First Amended Complaint (ECF No. 66); and

WHEREAS, on or about December 19, 2022, Certified Defendant Costantini filed an Answer to the First Amended Complaint (ECF No. 67); and

---

1    Plaintiff re-filed his First Amended Complaint on or about November 07, 2022 due to a pleading deficiency. (ECF No. 54)

WHEREAS, on or about December 19, 2022, Certified Defendant Langdon filed an Answer to the First Amended Complaint (ECF No. 68); and

WHEREAS, following leave to amend, Plaintiff filed a Second Amended Complaint on or about March 24, 2023 (ECF No. 74), alleging claims against Defendants Aaron Finn, Alexander Costantini, Philip Langdon, John Does #1-8, Anthony J. Annucci, Mark Royce, and John Doe 9 pursuant to 42 U.S.C. § 1983; and

WHEREAS, on or about March 31, 2023, Defendant Finn filed an Answer to the Second Amended Complaint (ECF No. 75); and

WHEREAS, on or about April 12, 2023, Certified Defendant Langdon filed an Answer to the Second Amended Complaint (ECF No. 80); and

WHEREAS, on or about April 14, 2023, Certified Defendant Costantini filed an Answer to the Second Amended Complaint (ECF No. 81); and

WHEREAS, Defendants Anthony Annucci and Mark Royce filed a motion to dismiss the Second Amended Complaint on or about April 14, 2023 (ECF Nos. 82-84); and

WHEREAS, on October 31, 2023 (Docket Entry for Bench Ruling held on 10/31/2023), the Court granted in part and denied in part OAG Defendants' motion to dismiss in an Opinion and Order, dismissing the risk presented by Defendant Finn individually or by the lack of psychological evaluations generally; and

WHEREAS, on or about December 14, 2023, OAG Defendants Annucci and Royce filed an Answer to the Second Amended Complaint (ECF No. 102); and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, Settling Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1.     **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2.     **Payment to Plaintiff's Attorneys.** For and in consideration of Plaintiff's execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 6, 7, and 8 herein, New York State Department of Corrections and Community Supervision ("DOCCS"), on behalf of Settling Defendants, shall pay the total sum of Eight Hundred and Fifty Thousand Dollars ($850,000.00), for which the Office of the New York State Comptroller shall

issue any and all appropriate Internal Revenue tax forms, as follows:

a.    The State of New York, on behalf of Settling Defendants, shall pay the gross sum of Eight Hundred and Fifty Thousand Dollars ($850,000.00) in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages, including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages, lost wages (including but not limited to benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any nonvested retirement, pension, health or savings plan benefits, or other compensation), and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff's attorneys or Plaintiff for any for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to "Bloch & White LLP as Attorneys for Melvin Virgil." and mailed to Melvin Virgil C/O Benjamin White, Esq., Bloch & White LLP, 90 Broad Street, Suite 703, New York, NY 10004.

3.    **State Approval of Payments.** Payment of the amount specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but not limited to, Plaintiff's Affirmation of Medicare Eligibility Status as set forth in Paragraph 7 of this Settlement Agreement.

4.    **Accrual of Interest.** In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the OAG of all documentation required under Paragraphs 3 and 7 of this Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment to Plaintiff of any amount specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5.    **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Settling Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Settling Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions,

subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6.    **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Settling Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Settling Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7.    **Medicare Certification.** Plaintiff represents and warrants that he is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on his behalf by Medicare, and

further that he does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the OAG. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amount referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 3, 4, and 8 of this Settlement Agreement.

8.      **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to defend, indemnify, and hold harmless Settling Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Settling Defendants and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9.      **General Release.** For and in consideration of the payment of the settlement amount referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration,

the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Settling Defendants, DOCCS, and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, or arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§ 1981-1988; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; N.Y. Labor Law §§ 194, 740, and 741; N.Y. Civ. Serv. Law § 75-b; the United States Constitution; the New York State Constitution; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable

relief, costs, fees, or other expenses, including attorney's fees. This General Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or a local commission on human rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

Plaintiff is not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiff is also not waiving or releasing any claims under New York Military Law; any claims under N.Y. Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

10.    **<u>No Other Action or Proceeding.</u>** Other than the Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Settling Defendants to enter into this Settlement Agreement.

11. **<u>Waiver of Attorneys' Liens.</u>** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12. **<u>No Other Attorneys.</u>** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. **<u>No Prevailing Party.</u>** Neither Plaintiff nor Settling Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **<u>No Admission of Liability.</u>** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Settling Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Settling Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors,

members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

15.    **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Settling Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

16.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17.    **Voluntary Agreement.** Plaintiff represents that he has carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that he has executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

18.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated

in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19.    **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

20.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21.    **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 9 of this Settlement Agreement.

22.    **Severability.** With the exception of Paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23.    **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24.    **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

25.    **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: May 8th , 2026

_____
MELVIN VIRGIL

STATE OF New York    )
                     ) ss.:
COUNTY OF Cayuga     )

On the 8th day of May , 2026, before me personally came and appeared Melvin Virgil , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

CHRISTA JEAN CENTOLELLA
Notary Public - State of New York
NO. 01CE0001321
Qualified In Cayuga County
My Commission Expires Feb 13, 2027

Dated:  May 9         , 2026  
       New York, New York

BLOCH & WHITE LLP  
*Attorneys for Plaintiff*

By: _____

Benjamin White, Esq.,  
90 Broad Street, Suite 703,  
New York, New York 10004  
bwhite@blochwhite.com

Dated: _____, 2026  
       New York, New York

LETITIA JAMES  
Attorney General  
State of New York  
*Attorney for OAG Defendants*

By: _____

Maurice Nwikpo-Oppong, Esq.  
Assistant Attorney General  
28 Liberty Street  
New York, New York 10005  
(212) 416-6097  
Maurice.Nwikpo-Oppong@ag.ny.gov

Dated: _____, 2026  
       Albany, New York

Capezza Hill, LLP  
*Attorneys for Certified Defendant Langdon*

By: _____

Thomas A. Capezza, Esq.,  
30 S. Pearl Street  
Suite P-110  
Albany, NY 12211  
tom@capezzahill.com

Dated: _____, 2026
     New York, New York

          **BLOCH & WHITE LLP**
          *Attorneys for Plaintiff*

By: _____

          Benjamin White, Esq.,
          90 Broad Street, Suite 703,
          New York, New York 10004
          bwhite@blochwhite.com

Dated: _____ March 31, 2026
     New York, New York

          **LETITIA JAMES**
          Attorney General
          State of New York
          *Attorney for OAG Defendants*

By: Maurice K. Nwikpo-Oppong

          <small>DN: cn=Maurice K. Nwikpo-Oppong, o=Office of the New York State Attorney General, email=Maurice.Nwikpo-Oppong@ag.ny.gov, c=US Location: New York, New York Date: 2026.03.31 12:38:08 -04'00'</small>

          Maurice Nwikpo-Oppong, Esq.
          Assistant Attorney General
          28 Liberty Street
          New York, New York 10005
          (212) 416-6097
          Maurice.Nwikpo-Oppong@ag.ny.gov

Dated: _____, 2026
     Albany, New York

          Capezza Hill, LLP
          *Attorneys for Certified Defendant Langdon*

By: _____

          Thomas A. Capezza, Esq.,
          30 S. Pearl Street
          Suite P-110
          Albany, NY 12211
          tom@capezzahill.com

Dated: _____, 2026
      New York, New York

BLOCH & WHITE LLP
*Attorneys for Plaintiff*

By: _____

Benjamin White, Esq.,
90 Broad Street, Suite 703,
New York, New York 10004
bwhite@blochwhite.com

Dated: _____, 2026
      New York, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for OAG Defendants*

By: _____

Maurice Nwikpo-Oppong, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6097
Maurice.Nwikpo-Oppong@ag.ny.gov

Dated: __2-27__, 2026
      Albany, New York

Capezza Hill, LLP
*Attorneys for Certified Defendant Langdon*

By: _____

Thomas A. Capezza, Esq.,
30 S. Pearl Street
Suite P-110
Albany, NY 12211
tom@capezzahill.com

Dated: _____, 2026
       Saratoga Springs, New York

Iseman PLLC
*Attorneys for Certified Defendant Costantini*

By: _____

    Scott Iseman, Esq.,
    59 Franklin Street Saratoga
    Springs, NY 12866
    scott@scottisemanlaw.com


Dated: ___June 9___, 2026
       White Plains, New York

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.